Susanne Lewald, Regional Solicitor
Theresa S. Gee, ERISA Counsel
Pamela W. McKee, Attorney, CA SBN 219825
Daniel J. Chasek, Attorney, CA SBN 186968
Office of the Solicitor
United States Department of Labor
World Trade Center
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-4229
    Facsimile: (213) 894-2064
    E-mail: mckee-pamela@dol.gov

Attorneys for the Plaintiff

U.S. DISTRICT COURT
U.S. BANKRUPTCY COURT
DISTRICT OF IDAHO

MAY - 8 2003

_____ M. REC'D _____
LODGED _____ FILED A

**FAX FILED**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br>vs.<br><br>EMPLOYERS RESOURCE MANAGEMENT COMPANY, INC., a corporation; GEORGE GERSEMA, an individual; DOUGLAS GERSEMA, an individual; EMPLOYERS RESOURCE MANAGEMENT COMPANY, INC. WELFARE BENEFIT PLAN, an employee benefit plan; and, AMERICAN EMPLOYER BENEFIT TRUST,<br><br>    Defendants. | Case No.: CV 02-12-S-EJL<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO STRIKE AFFIDAVITS OF TRISH COBA, RUSSELL E. GREENBLATT, AND PORTIONS OF CHARLES B. JACKSON'S AFFIDAVIT FILED BY DEFENDANTS IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

    Plaintiff Elaine Chao, Secretary of the United States Department of Labor ("Secretary"), files this memorandum of points and authorities in support of her motion to strike the affidavits of Trish Coba ("Coba") (Docket No. 102), Russell E. Greenblatt ("Greenblatt") (Docket No. 104), and portions of Charles B. Jackson's ("Jackson") affidavit (Docket No. 103), filed by

Defendants in opposition to the Secretary's Motion for Summary Judgment. First, Coba's affidavit should be stricken because Defendants failed to timely disclose her as an expert or fact witness in violation of Fed. R. Civ. P. 26 and because it contains information not based on personal knowledge, in violation of Fed. R. Civ. P. 56(e). Second, the affidavit of Greenblatt, the Defendants' legal expert, should be stricken because expert testimony containing legal conclusions is not admissible. Third, portions of Jackson's affidavit should be stricken from the record because they contain statements outside the scope of his expert opinion report.

The Secretary filed her Motion for Summary Judgment on January 30, 2003 contending that Defendants violated Sections 403, 404, 405 and 406 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1103, 1104, 1105 and 1106. The Defendants filed their Opposition to Plaintiff's Motion for Summary Judgment ("Opposition")[1] on April 21, 2003, accompanied by the Coba, Greenblatt, and Jackson affidavits in support of their Opposition. As discussed more fully *infra*, the Coba and Greenblatt affidavits should be stricken in their entirety and certain portions of the Jackson affidavit should be stricken because they fall outside the scope of his expert report.[2]

I. **Coba's Affidavit Should Be Stricken Because Defendants Failed To Timely Disclose Her As An Expert Or Fact Witness In Violation Of Fed. R. Civ. P. 26 and Because Portions of the Affidavit Are Not Based Upon Personal Knowledge in Violation of Fed. R. Civ. P. 56(e)**

Defendants' Opposition relies upon the affidavit of Trish Coba despite the fact that they never previously disclosed to the Secretary that Coba was to be an expert or fact witness.

---

[1] In addition to their Opposition, Defendants filed their Statement of Disputed Facts, Statement of Undisputed Facts, and affidavits of the following individuals: Tamsen L. Leachman, Douglas Gersema, Charles B. Jackson, Russell E. Greenblatt, Trish Coba, and a Rule 56(f) Affidavit by Ms. Leachman.

[2] *See generally, Allen v. Scribner*, 812 F.2d 426, 435 n. 18 (9th Cir. 1987) ("If a party fails to move to strike an affidavit in violation of Rule 56(e), he waives any objection to it."); *In re Teltronics Services, Inc.* 762 F.2d 185, 192 (2d Cir. 1985).

Whether Defendants are offering Coba as a fact or expert witness is unclear, particularly in light of the nature of her opinion testimony, discussed *infra*. To the extent that Defendants offer Coba as an expert witness, Fed. R. Civ. P. 26(a)(2) requires a party to identify any expert witnesses and disclose a statement of the intended testimony. The disclosure rule is enforced pursuant to Fed. R. Civ. P. 37(c)(1), which provides that a "party that without substantial justification fails to disclose information required by [Rule 26] shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion any witness or any information not so disclosed." Fed. R. Civ. P 37(c)(1), *as quoted in Cooper v. Southern Co.*, ___F.R.D.___, 2003 WL 1786867 (N.D. Ga. 2003); *Lohnes v. Level 3 Communications*, 272 F.3d 49, 59 (1st Cir. 2001)(excluding undisclosed expert); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1007-09 (8th Cir. 1998)(same); *Black v. Columbus Pub. Schs.*, 124 F. Supp.2d 550, 561 (S.D. Ohio 2000) (excluding fact witness untimely disclosed).

If the Defendants are permitted to use Coba's testimony despite their failure to have identified her, the Secretary will be harmed since she was denied the opportunity to depose Coba prior to the close of discovery six months ago and prior to the filing of her summary judgment motion. *See Level 3 Communications*, 272 F.3d at 59-60 (finding submission of expert affidavit three months after close of discovery and after defendant had moved for summary judgment to be "nothing short of a sneak attack" because it deprived party of opportunity to conduct discovery with respect to the proposed expert). Thus, because Defendants failed to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2), Coba's affidavit should be stricken pursuant to Fed. R. Civ. P. 37(c)(1). *Cooper*, 2003 WL 1786867 at *4.

Should Defendants contend their use of Coba is not governed by the expert witness disclosure requirements because she is not offered as an expert witness, her affidavit should be

stricken nonetheless. Defendants neither disclosed Coba as a fact witness during their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) nor supplemented these disclosures pursuant to Fed. R. Civ. P. 26(e). *Columbus Pub. Schs.*, 124 F. Supp. 2d at 561. Again, due to Defendants' failure to adhere to the rules of civil procedure, the Secretary will be prejudiced because she has been denied the opportunity to depose this previously undisclosed witness or conduct other discovery with respect to Coba.[3] Thus, because Defendants failed to disclose this witness in accordance with Rules 26(a)(1) or 26(e), the Coba affidavit should be stricken pursuant to Fed. R. Civ. P. 37(c)(1).

Even if, *arguendo*, Defendants had properly and timely disclosed Coba to the Secretary as a fact witness, this Court should still strike her affidavit because it is not based on personal knowledge, in violation of Fed. R. Civ. P. 56(e). Rule 56(e) requires that "supporting and opposing affidavits shall be made upon personal knowledge [and] shall set forth such facts as would be admissible in evidence[.]" Fed. R. Civ. P. 56(e). *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988); *Southern*, 2003 WL 1786867 at *3-4 ("Rule 56(e)'s personal knowledge requirement prevents statements in affidavits that are based, in part, upon 'information and belief'—instead of only knowledge—from raising genuine issues of fact sufficient to defeat summary judgment"). Paragraphs 8 through 11 of the Coba affidavit contain statements that are not facts based on personal knowledge, but rather improper opinion testimony with respect to ERM's intentions, beliefs, goals, explanations for their decisions, and even an

---

[3] In their Opposition, Defendants state that Coba is one of the consultants the Secretary refers to in support of her claims of imprudent administration. Opposition at 18. While the Secretary does rely on the Marsh report (Exhibit 33 to Plaintiff's Memorandum in Support of her Motion for Summary Judgment), and Marsh is the company for whom Coba works, her name does not appear on that report. The Secretary does not otherwise know how, or if, Coba is one of the consultants she refers to. In any event, neither Coba nor the Marsh firm for whom she purportedly works was ever identified or disclosed as a potential expert or fact witness.

"analysis" of the Secretary's position with respect to adverse selection and an opinion that ERM has acted prudently.[4] Such statements constitute opinion testimony, not facts, and are clearly not based on Coba's personal knowledge.[5] Therefore, these statements should be stricken if this Court does not exclude Coba's entire affidavit for the failure to comply with Rules 26(a) and (e). *See Southern Co.*, 2003 WL 1786867 at * 4-5 (and cases cited therein) (Striking affidavit not based on personal knowledge).

### II. Greenblatt's Affidavit Should Be Stricken Because Expert Testimony Containing Legal Conclusions Is Not Admissible

Defendants' Opposition relies upon the affidavit of Russell E. Greenblatt, Esq. despite the well-established prohibition against expert testimony containing legal conclusions. District courts have broad discretion in determining whether to admit expert testimony. *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993), *cert. denied*, 513 U.S. 1128 (1995). The Federal Rules of Evidence provide that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

---

[4] For example, in paragraph 8, Coba offers her opinion with respect to how ERM "carefully considers the advice of experts in various fields" and "tries to make careful, conservative, reasoned decisions." Coba Aff. at p. 3, para. 8. In paragraph 10, Coba opines, "Clearly the Company has tried to ensure that it sets rates fairly and at levels that will best reflect anticipated claims levels." *Id.* at p. 4, para. 9. Finally, Coba proceeds, in paragraph 11, to analyze the Secretary's Summary Judgment brief with respect to the concept of adverse selection, concluding that the Secretary's position is "naïve," will lead to an increase in claims, and that for the DOL to suggest that ERM is anything other than "prudently ...trying to make appropriate adjustments...rather than sharply increasing contribution rates is foolhardy." *Id.* at p. 4-5, para. 11.

[5] *Compare* Douglas Gersema's affidavit at paras. 13-14 with Coba's affidavit at para. 8 for virtually identical language. As a paid consultant to ERM, Coba's statements with respect to ERM's intentions and goals are presumably learned from what she is told, and not based on personal knowledge.

Fed. R. Evid. 702. Otherwise admissible testimony "is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a).[6] Courts generally allow testimony about standard practices, procedures, and customs of those engaged in an industry when helpful to the trier of fact to resolve factual issues. *Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Plan*, 812 F. Supp. 1376, 1378 (E.D. Pa. 1992). However, these rules do not permit expert opinion on a question of law. *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 447 (9th Cir. 1992); *Specht v. Jensen*, 853 F.2d 805, 808-09 (10th Cir. 1988), *cert. denied*, 488 U.S. 1008; *Marx v. Diners' Club, Inc.*, 550 F.2d 505, 509 (2d Cir.), *cert. denied*, 434 U.S. 861 (1977); *Haberern*, 812 F. Supp. at 1378, *citing* 1 McCormick on Evidence, §12, at 50 (4th ed. 1992). Expert opinion on questions of law are not permitted because the trial judge's determines the law of the case. *Specht*, 853 F.2d at 808; *United States v. Duncan*, 42 F.3d 97 (2d Cir. 1994).[7]

Here, Defendants use the affidavit of Greenblatt, an attorney specializing in employee welfare benefits plans, to invade the province of this Court by offering testimony containing legal conclusions. For example, Defendants explain that they hired Greenblatt to "analyze

---

[6] In the Advisory Committee Notes to Rule 704, the committee stated that Rules 701, 702 and 403 provide ample assurances "against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of oath-helpers of an earlier day."

[7] In *Duncan*, the Second Circuit summarized the general principle as follows:

> Generally, the use of expert testimony is not permitted if it will usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it. When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury. When this occurs, the expert acts outside his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination.

*Duncan*, 42 F.3d at 101.

whether the legal fees[8] at issue met the standard for appropriate Plan expenses under ERISA §408(b)(2). Mr. Greenblatt concluded they were appropriate Plan expenses based upon his evaluation of the importance to the Plan of opposing the States' regulatory efforts." Greenblatt Aff., Exhibit A, at 10-11. Opposition at 25. Another example of Greenblatt's impermissible legal conclusions can be found in the Defendants' response to the Secretary's allegation that they violated ERISA by commingling plan assets, where Greenblatt opines that "it was not a violation of ERISA to operate in this manner." Opposition at 30. Similarly, Greenblatt offers a legal conclusion that the shortcomings found by the Secretary's expert, Dorothy Cociu, with respect to the Plan's failure to maintain a reserve, amounts to a plan design or settlor decision, not a fiduciary decision. Opposition at 14 and 20; Greenblatt Exhibit A at pp. 4-5.[9] In every instance, Greenblatt's testimony attempts to apply the law to the facts and offers legal conclusions that should be stricken from the record because the testimony presumes to tell this Court what result to reach.

In similar cases involving legal experts, courts have excluded such testimony because the experts' opinions contained legal conclusions. In *Haberern*, the legal expert in pension plan administration law was going to testify that the practice of obtaining releases when making pension distributions was outside the scope of ERISA § 410(a).[10] *Haberern*, 812 F. Supp. at 1378. The court excluded the expert's testimony because it took the form of an opinion on a

---

[8] These fees were related to litigation in Virginia and Florida involving state regulation of the MEWA.
[9] Greenblatt's affidavit and report expand on this legal conclusion, opining that ERISA § 402 does not require a reserve and that such a question is a plan design or settlor function. In addition to an inadmissible legal conclusion, this contention also misapprehends the Secretary's § 404 allegations with respect to the imprudent administration of the Plan and ignores the fact that the Secretary has not alleged a violation of § 402.
[10] ERISA § 410(a) voids as against public policy any agreements that purport to relieve a fiduciary from any duties or obligations.

question of law, and would not "assist the trier of fact to understand the evidence or to determine a fact in issue" pursuant to Fed. R. Evid. 702. *Id.* at 1378-79; *accord Estate of Sowell v. U.S.*, 198 F.3d 169, 171-72 (5th Cir. 1999) (forbidding expert testimony on whether a fiduciary was "acting reasonably"); *Specht*, 853 F.2d at 808-810 (and cases cited therein) ("when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed"); *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1258 (2d Cir. 1987) (excluding expert's proposed testimony that contracts were unenforceable for lack of essential terms because it's the province of the judge to construe applicable principles of law). Moreover, courts have admonished that permitting attorneys to define and apply the law as expert witnesses will be detrimental to the trial process and ultimately unhelpful to the trier of fact. *Specht*, 853 F.2d at 809.[11]

Greenblatt's testimony, replete with conclusions as to the very legal issues this Court must determine, as discussed *supra*, is no different from that of the many legal experts excluded by the courts cited herein. Based on these principles, Greenblatt's affidavit should be stricken from the record pursuant to Fed. R. Evid. 702.

### III. Paragraphs 9, 10, 11 and 14 of Charles B. Jackson's Affidavit Are Outside the Scope of His Expert Report And Should Be Excluded From The Record

Defendants rely upon portions of Jackson's affidavit that fall outside the scope of his expert opinion report, in violation of Fed. R. Civ. P. 26(a)(2), and should be excluded pursuant to Fed. R. Civ. P. 37(c)(1). Specifically, Jackson offers additional testimony with respect to ERM as a professional employer organization ("PEO") in paragraphs 9, 10, 11, and 14 of his affidavit that was not included in his expert report.

---

[11] Indeed, the *Specht* court warned that permitting one side to utilize an attorney to define and apply the law will only lead the other side to do the same, multiplying the confusion. *Id.*

As discussed *supra* with respect to Coba, Rule 26(a)(2) requires a party to identify any expert witnesses and disclose a statement of the intended testimony. Pursuant to this requirement, Defendants disclosed Jackson's expert opinion report, attached as Exhibit B to his affidavit. Other than a few passing references to PEO's, Jackson's report contains none of the distinctions between PEO's and MEWA's described in his affidavit and relied upon in Defendants' Opposition at 9-10. Moreover, in Jackson's expert report, when he lists the types of health care plans with which he is familiar, PEO's are not included. Jackson Aff., Exhibit B at 2. Defendants did not proffer Jackson as an expert with respect to PEO's, and it is too late to do so now.[12] Pursuant to Fed. R. Civ. P. 37(c)(1), paragraphs 9, 10, 11, and 14 of Jackson's affidavit should be excluded because defendants failed to follow to the disclosure requirements of Fed. R. Civ. P. 26(a)(2). *Cooper v. Southern Co.*, ___F.R.D.___, 2003 WL 1786867 (N.D. Ga. 2003); *Lohnes v. Level 3 Communications*, 272 F.3d 49, 59 (1st Cir. 2001)(excluding undisclosed expert); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1007-09 (8th Cir. 1998)(same).

---

[12] This assumes Jackson has expertise in PEO's, an expertise not revealed in his resume.

WHEREFORE, the Secretary respectfully moves that this Court strike the affidavits of Trish Coba, Russell E. Greenblatt, and paragraphs 9, 10, 11, and 14 of Charles B. Jackson's affidavit, filed by Defendants in opposition to the Secretary's Motion for Summary Judgment.

Dated: May 8, 2003

Howard M. Radzely
Acting Solicitor of Labor

Susanne Lewald
Regional Solicitor

Theresa S. Gee
ERISA Counsel

*/s/ Pamela W. McKee*
Pamela W. McKee
Daniel J. Chasek
Attorneys

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

## Declaration of Service

I, the undersigned declarant, hereby say:

1. I am over the age of 18 years and am not a party to this litigation.

2. I am an employee employed in the office of the attorney of record herein for the U. S. Department of Labor, at whose direction the service referred to herein was effected.

3. On the date of execution of this Declaration, I cause to be served on each other party to this litigation a true and correct copy of the attached

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO STRIKE AFFIDAVITS OF TRISH COBA, RUSSELL E. GREENBLATT, AND PORTIONS OF CHARLES B. JACKSON'S AFFIDAVIT FILED BY DEFENDANTS IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT**

by depositing in a U.S. Postal Service mail box located in Los Angeles, California, a copy thereof in sealed, postage-paid envelope(s) addressed to each of the following:

Tamsen L. Leachman, Esq.
Hall, Farley, Oberrecht & Blanton PA
702 W Idaho, Suite 1271
Boise, ID 83701

4. This Declaration was duly executed in Los Angeles, California, and was so executed on the date that is specified below just above my signature as the declarant of this Declaration.

I have read this Declaration; and I hereby say, under penalty of perjury, that this Declaration is true and correct.

Dated: May 8, 2003.

_____
Laura Matus, Declarant