

J. Kevin West
ISB #3337; jkw@hallfarley.com
Tamsen L. Leachman
ISB #5697, tll@hallfarley.com
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho 83701
Telephone: (208) 395-8500
Facsimile: (208) 395-8585
W:\1\1\-968.5\Reply-Mtn-Strike.wpd

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>              Plaintiff,<br><br>vs.<br><br>EMPLOYERS RESOURCE MANAGEMENT COMPANY, INC., a corporation; GEORGE GERSEMA, an individual; DOUGLAS GERSEMA, an individual; EMPLOYERS RESOURCE MANAGEMENT COMPANY, INC. WELFARE BENEFIT PLAN, an employee benefit plan; and AMERICAN EMPLOYER BENEFIT TRUST,<br><br>              Defendants. | Case No. CIV 02-0012-S-EJL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE** |

**ORIGINAL**

COME NOW the defendants, Employers Resource Management Company, Inc., George Gersema, Douglas Gersema, Employers Resource Management Company, Inc. Welfare Benefit Plan, and American Employer Benefit Trust (collectively, "defendants"), by and through their counsel of record, Hall, Farley, Oberrecht & Blanton, P.A., and submit their Reply to Plaintiff's Opposition to Defendants' Motion to Strike filed May 12, 2003 (Docket No. 127). For the reasons stated below, plaintiff's Exhibits 36 and 37 should be stricken.

## I. **ARGUMENT**

The strenuousness with which the plaintiff asserts that her Exhibits 36 and 37 submitted in support of her Motion for Summary Judgment should not be stricken emphasizes the fundamental failings of these exhibits. Ultimately, these exhibits fail for one of two reasons: they are either wholly irrelevant to the present action, and/or they constitute an improper submission of documents.

Neither argument nor case citation allows the plaintiff to escape the simple fact that ERM's alleged status as a MEWA is completely irrelevant to plaintiff's claims. A cursory review of the plaintiff's Complaint asserts the following alleged violations: failing to hold plan assets in trust; failing to act solely in the interest of participants and beneficiaries to the plan; failing to act as a prudent person; failing to act in accord with the governing documents and instruments; engaging in improper transactions involving property; engaging in improper transactions involving money; engaging in improper transactions involving the furnishing of goods, services or facilities; engaging in improper transactions involving the transfer of plan assets; use of plan assets for defendants' own interests; and engaging in improper transactions with parties adverse to the interests of the plan participants. Complaint for Breach of ERISA and Injunctive Relief (Docket No. 1), ¶ 49. Essentially, plaintiff alleges improper transactions and breaches of fiduciary duty as to the handling of ERM's ERISA plan.

ERM has never contested that its plan is an ERISA plan, but it vigorously disputes its alleged status as a MEWA. Plaintiff has never ventured a single argument as to how ERM's alleged MEWA status would in any way alter her claims of violations, or the subsequent analysis of such. She has done nothing to illustrate for the Court the relevance of this argument, despite the inordinate amount of effort spent arguing the appropriate MEWA or single-employer plan status. Federal Rule of Evidence 401 clearly states "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence." (Emphasis added.) Plaintiff has never demonstrated the relevance of her exhibits. She cannot do so because they have no bearing on her claims of improper transactions and breach of fiduciary duty.

Even were the Court to find such exhibits relevant, it is unclear as to the reasons that plaintiff offers them as evidence (in the form of exhibits) in support of her Motion for Summary Judgment. Even presuming that all of plaintiff's contentions are correct as to the persuasive authority of advisory opinions issued by the DOL,[1] submission of these advisory opinions in the form of exhibits, as evidence in support of a motion for summary judgment, is inappropriate. The advisory opinions, much like persuasive authority in the form of case law, would not be admissible as an item of

---

[1]

Such a contention would appear to run afoul of the DOL's own ERISA Procedure 76-1, § 10: "SEC. 10. *Effect of Advisory Opinion.* An advisory opinion is an opinion of the Department as to the application of one or more sections of the Act, regulations promulgated under the Act, interpretive bulletins, or exemptions. The opinion assumes that all material facts and representations set forth in the request are accurate, and applies only to the situation described therein. Only the parties described in the request for opinion may rely on the opinion, and they may rely on the opinion only to the extent that the request fully and accurately contains all the material facts and representations necessary to issuance of the opinion and the situation conforms to the situation described in the request for opinion." (Emphasis added.) A copy of this procedural outline, as secured from the DOL website, is attached herewith as Exhibit A.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE - 3

evidence.[2]  It would be improper to submit even controlling, binding authority in the form of an exhibit as 'evidence', and is only more so given the non-binding, persuasive nature of the DOL's advisory opinions.

Finally, ERM takes exception with the plaintiff's statement that "the only 'agenda' the secretary has in bringing this or any other lawsuit is her interest in the enforcement of all of the statutes under her jurisdiction, including ERISA." Plaintiff's Opposition at 3.  State regulation of MEWA is clearly beyond the scope of a federal agency's "statutes under her jurisdiction," and the plaintiff's contention is even more hollow given that the attempted manipulation of state proceedings, through a federal court proceeding for matters for which the DOL otherwise would have absolutely no jurisdiction,[3] is disingenuous at best.

## II. CONCLUSION

For the reasons stated above, and in defendants' prior memorandum on this point, plaintiff's Exhibits 36 and 37, as submitted with her Motion for Summary Judgment, filed January 31, 2003 (Docket No. 58), should be stricken.

DATED this 29th day of May, 2003.

HALL, FARLEY, OBERRECHT
& BLANTON, P.A.

By _____ for
Tamsen L. Leachman - Of the Firm
Attorneys for Defendants

---

[2]
    Even were these to be considered as evidence, they do not address the specific factual circumstances regarding ERM's operation in Idaho. Accordingly, they would likely be excluded on the grounds of hearsay, speculation, and the offering of legal conclusions.

[3] To wit, state insurance matters.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE - 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _29 th_ day of May, 2003, I caused to be served a true copy of the foregoing DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE, by the method indicated below, and addressed to each of the following:

Susanne Lewald, Acting Regional Solicitor
Theresa S. Gee, Regional Counsel
Pamela W. McKee, Attorney
Office of the Solicitor
United States Department of Labor
World Trade Center
350 S. Figueroa Street, Ste. 370
Los Angeles, CA  90071-1202
Fax No. (213) 894-2064

_ ✓ U.S. Mail, Postage Prepaid
_ ___ Hand Delivered
_ ___ Overnight Mail
_ ✓ Telecopy

Tamsen L. Leachman

**EXHIBIT A**

 **DOL Logo** | **ORI Advisory Opinion Procedures**

☒ Blue Line

## ERISA Proc. 76-1—Procedure for ERISA Advisory Opinions.

It is the practice of the Department of Labor (the Department) to answer inquiries of individuals or organizations affected, directly or indirectly, by the Employee Retirement Income Security Act of 1974 (Pub. L. 93-406, hereinafter "the Act") as to their status under the Act and as to the effect of certain acts and transactions. The answers to such inquiries are categorized as "information letters" and "advisory opinions." This "ERISA Procedure" (ERISA Proc. 76-1) describes the general procedures of the Department in issuing information letters and advisory opinions under the Act, and is designed to promote efficient handling of inquiries and to facilitate prompt responses.

Section 7 of this procedure (instructions to individuals and organizations requesting advisory opinions relating to prohibited transactions and common definitions) is reserved. This section will set forth the procedures to be followed to obtain an advisory opinion relating to prohibited transactions and common definitions, such as whether a person is a party in interest and a disqualified person. In general, this section will incorporate a revenue procedure to be published by the Internal Revenue Service.

This advisory opinion procedure consists of rules of agency procedure and practice, and is therefore excepted under 5 U.S.C. 552(b)(3)(A) of the Administrative Procedure Act from the ordinary notice and comment provisions for agency rulemaking. Accordingly, the procedure is effective August 27, 1976.

SEC. 1. *Purpose.* The purpose of this ERISA Procedure is to describe the general procedures of the Department of Labor (the Department) in issuing information letters and advisory opinions to individuals and organizations under the Employee Retirement Income Security Act of 1974 (Pub. L. 93-406), hereinafter referred to as "the Act." This ERISA Procedure also informs individuals and organizations, and their authorized representatives, where they may direct requests for information letters and advisory opinions, and outlines procedures to be followed in order to promote efficient handling of their inquiries.

SEC. 2. *General practice.* It is the practice of the Department to answer inquiries of individuals and organizations, whenever appropriate, and in the interest of sound administration of the Act, as to their status under the Act and as to the effects of their acts or transactions. One of the functions of the Department is to issue information letters and advisory opinions in such matters.

SEC. 3. *Definitions.* .01 An "information letter" is a written statement issued either by the Pension and Welfare Benefit Programs (Office of Employee Benefits Security), U.S. Department of Labor, Washington, D.C. or a Regional Office or an Area Office of the Labor-Management Services Administration, U.S. Department of Labor, that does no more than call attention to a well-established interpretation or principle of the Act, without applying it to a specific factual situation. An information letter may be issued to any individual or organization when the nature of the request from the individual or the organization suggests that it is seeking general information, or where the request does not meet all the requirements of section 6 or 7 of this procedure, and it is believed that such general information will assist the individual or organization.

- .02 An "advisory opinion" is a written statement issued to an individual or organization, or to the

authorized representative of such individual or organization, by the Administrator of Pension and Welfare Benefit Programs or his delegate, that interprets and applies the Act to a specific factual situation. Advisory opinions are issued only by the Administrator of Pension and Welfare Benefit Programs or his delegate.

- .03 Individuals and organizations are those persons described in section 4 of this procedure.

SEC. 4. *Individuals and organizations who may request advisory opinions or information letters.* .01 Any individual or organization affected directly or indirectly, by the Act may request an information letter or an advisory opinion from the Department.

- .02 A request by or for an individual or organization must be signed by the individual or organization, or by the authorized representative of such individual or organization. See section 7.03 of this procedure.

SEC. 5. *Discretionary Authority to Render Advisory Opinions.* .01 The Department will issue advisory opinions involving the interpretation of the application of one or more sections of the Act, regulations promulgated under the Act, interpretive bulletins, or exemptions issued by the Department to a specific factual situation. Generally, advisory opinions will be issued by the Department only with respect to prospective transactions (i.e., a transaction which will be entered into). Moreover, there are certain areas where, because of the inherently factual nature of the problem involved, or because the subject of the request for opinion is under investigation for a violation of the Act, the Department ordinarily will not issue advisory opinions. Generally, an advisory opinion will not be issued on alternative courses of proposed transactions, or on hypothetical situations, or where all parties involved are not sufficiently identified and described, or where material facts or details of the transaction are omitted.

- .02 The Department ordinarily will not issue advisory opinions relating to the following sections of the Act:

- .02(a) Section 3(18), relating to whether certain consideration constitutes adequate consideration;

- .02(b) Section 3(26), relating to whether the valuation of any asset is at current value;

- .02(c) Section 3(27), relating to whether the valuation of any asset is at present value;

- .02(d) Section 102(a)(1), relating to whether a summary plan description is written in a manner calculated to be understood by the average participant.

- .02(e) Section 103(a)(3)(A), relating to whether the financial statements and schedules required to be included in the Annual Report are presented fairly in conformity with generally accepted accounting principles applied on a consistent basis;

- .02(f) Section 103(b)(1), relating to whether a matter must be included in a financial statement in order to fully and fairly present the financial statement of the plan;

- .02(g) Section 202 (other than section 202(a)(3) and (b)(1)) relating to minimum participation standards;

- .02(h) Section 203 (other than sections 202(a)(3)(B), (b)(1) (flush language), (b)(2), (b)(3)(A);

- .02(i) Section 204 of the Act (other than sections 204(b)(1)(B), (b)(1)(A), (C), (D), (E)), relating to benefit accrual requirements;

- .02(j) Section 205(c), relating to the period during which a participant may elect in writing not to receive a joint and survivor annuity;

- .02(k) Section 208, relating to mergers and consolidation of plans or transfer of plan assets;

- .02(1) Section 209(a)(1), relating to whether the report required by section 209(a)(1) is sufficient to inform the employee of his accrued benefits under the plan, etc.

- .02(m) Sections 302 through 305, relating to minimum funding standards;

- .02(n) Section 403(c)(1), relating to the purposes for which plan assets must be held;

- .02(o) Section 404(a), relating to fiduciary duties as applied to particular conduct; and,

- .02(p) Section 407(a)(2) and (3) and (c)(1), relating to fair market value, as applied to whether the value of any particular security or real property constitutes fair market value.

This list is not all inclusive and the Department may decline to issue advisory opinions relating to other sections of the Act whenever warranted by the facts and circumstances of a particular case. The Department may, when it is deemed appropriate and in the best interest of sound administration of the Act, issue information letters calling attention to established principles under the Act, even though the request that was submitted was for an advisory opinion.

- .03 Pending the adoption of regulations (either temporary or final) involving the interpretation of the application of a provision of the Act, consideration will be given to the issuance of advisory opinions relating to such provisions of the Act only under the following conditions:

- .03(a) If an inquiry presents an issue on which the answer seems to be clear from the application of the provisions of the Act to the facts described, the advisory opinion will be issued in accordance with the procedures contained herein.

- .03(b) If an inquiry presents an issue on which the answer seems reasonably certain but not entirely free from doubt, an advisory opinion will be issued only if it is established to the satisfaction of the Department, that a business emergency requires an advisory opinion or that unusual hardship to the plan or its participants and beneficiaries will result from failure to obtain an advisory opinion. In any case in which the individual or organization believes that a business emergency exists or that an unusual hardship to the plan or its participants and beneficiaries will result from the failure to obtain an advisory opinion, the individual or organization should submit with the request a separate letter setting forth the facts necessary for the Department to make a determination in this regard. In this connection, the Department will not deem a "business emergency" to result from circumstances within the control of the individual or organization such as, for example, scheduling within an inordinately short time the closing date of a transaction or a meeting of the Board of Directors or the shareholders of a corporation.

- .03(c) If an inquiry presents an issue that cannot be reasonably resolved prior to the issuance of a regulation, an advisory opinion will not be issued.

- .04 The Department ordinarily will not issue advisory opinions on the form or effect in operation of a plan, fund, or program (or a particular provision or provisions thereof) subject to Title 1 of the Act. For example, the Department will not issue an advisory opinion on whether a plan satisfies the requirements of Parts 2 and 3 of Title I of the Act.

SEC. 6. *Instructions to individuals and organizations requesting advisory opinions from the Department.* .01 If an advisory opinion is desired, a request should be submitted to: Office of Regulations and Interpretations, Room N5669, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

- 02 A request for an advisory opinion must contain the following information:

- 02(a) The name and type of plan or plans (e.g., pension, profit-sharing, or welfare plan); the Employer Identification Number (EIN); the Plan Number (PN) used by the plan in reporting to the Department of Labor on Form EBS-1 or a copy of the first two pages of the most recent Form EBS-1 filed with the Department.

- 02(b) A detailed description of the act or acts or transaction or transactions with respect to which an advisory opinion is requested. Where the request pertains to only one step of a larger integrated act or transaction, the facts, circumstances, etc., must be submitted with respect to the entire transaction. In addition, a copy of all documents submitted must be included in the individual's or organization's statement and not merely incorporated by reference, and must be accompanied by an analysis of their bearing on the issue or issues, specifying the pertinent provisions.

- 02(c) A discussion of the issue or issues presented by the act or acts or transaction or transactions which should be addressed in the advisory opinion.

- 02(d) If the individual or organization is requesting a particular advisory opinion, the requesting party must furnish an explanation of the grounds for the request, together with a statement of relevant supporting authority. Even though the individual or organization is urging no particular determination with regard to a proposed or prospective act or acts or transaction or transactions, the party requesting the ruling must state such party's views as to the results of the proposed act or acts or transaction or transactions and furnish a statement of relevant authority to support such views.

- .03 A request for an advisory opinion by or for an individual or organization must be signed by the individual or organization or by the individual's or organization's authorized representative. If the request is signed by a representative of an individual or organization, or the representative may appear before the Department in connection with the request, the request must include a statement that the representative is authorized to represent the individual or organization.

- .04 A request for an advisory opinion that does not comply with all the provisions of this procedure will be acknowledged, and the requirements that have not been met will be noted. Alternatively, at the discretion of the Department, the Department will issue an information letter to the individual or organization.

- .05 If the individual or organization or the authorized representative, desires a conference in the event the Department contemplates issuing an adverse advisory opinion, such desire should be stated in writing when filing the request or soon thereafter in order that the Department may evaluate whether in the sole discretion of the Department, a conference should be arranged and at

what stage of the consideration a conference would be most helpful.

- .06 It is the practice of the Department to process requests for information letters and advisory opinions in regular order and as expeditiously as possible. Compliance with a request for consideration of a particular matter ahead of its regular order, or by a specified time, tends to delay the disposition of other matters. Requests for processing ahead of the regular order, made in writing (submitted with the request or subsequent thereto) and showing clear need for such treatment, will be given consideration as the particular circumstances warrant. However, no assurance can be given that any letter will be processed by the time requested. The Department will not consider a need for expedited handling to arise if the request shows such need has resulted from circumstances within the control of the person making the request.

- .07 An individual or organization, or the authorized representative desiring to obtain information relating to the status of his or her request for an advisory opinion may do so by contacting the Office of Regulatory Standards and Exceptions, Pension and Welfare Benefit Programs, U.S. Department of Labor, Washington, D.C.

SEC. 7. *Instructions to individuals and organizations requesting advisory opinions relating to prohibited transactions and common definitions.* .01 [Reserved]

- .02 [Reserved]

- .03 [Reserved]

SEC. 8. *Conferences at the Department of Labor.* If a conference has been requested and the Department determines that a conference is necessary or appropriate, the individual or organization or the authorized representative will be notified of the time and place of the conference. A conference will normally be scheduled only when the Department in its sole discretion deems it will be necessary or appropriate in deciding the case. If conferences are being arranged with respect to more than one request for an opinion letter involving the same individual or organization, they will be so scheduled as to cause the least inconvenience to the individual or organization.

SEC. 9. *Withdrawal of requests.* The individual or organization's request for an advisory opinion may be withdrawn at any time prior to receipt of notice that the Department intends to issue an adverse opinion, or the issuance of an opinion. Even though a request is withdrawn, all correspondence and exhibits will be retained by the Department and will not be returned to the individual or organization.

SEC. 10. *Effect of Advisory Opinion.* An advisory opinion is an opinion of the Department as to the application of one or more sections of the Act, regulations promulgated under the Act, interpretive bulletins, or exemptions. The opinion assumes that all material facts and representations set forth in the request are accurate, and applies only to the situation described therein. Only the parties described in the request for opinion may rely on the opinion, and they may rely on the opinion only to the extent that the request fully and accurately contains all the material facts and representations necessary to issuance of the opinion and the situation conforms to the situation described in the request for opinion.

SEC. 11. *Effect of Information Letters.* An information letter issued by the Department is informational only and is not binding on the Department with respect to any particular factual situation.

SEC. 12. *Public inspection.* .01 Advisory opinions shall be open to public inspection at the Public Disclosure Room, U.S. Department of Labor, 200 Constitution Avenue, N.W., Washington, D.C. 20216.

- 02 Background files (including the request for an advisory opinion, correspondence between the Department and the individual or organization requesting the advisory opinion) shall be available upon written request. Background files may be destroyed after three years from the date of issuance.

- .03 Advisory opinions will be modified to delete references to proprietary information prior to disclosure. Any information considered to be proprietary should be so specified in a separate letter at the time of request. Other than proprietary information, all materials contained in the public files shall be available for inspection pursuant to section 12.02.

- .04 The cost of search, copying and deletion of any references to proprietary information will be borne by the person requesting the advisory opinion or the background file.

SEC. 13. *Effective date.* This procedure is effective August 27, 1976, the date of its publication in the Federal Register.

Signed at Washington, D.C., this 24th day of August 1976.

James D. Hutchinson
Administrator of
Pension and Welfare Benefit Programs
U.S. Department of Labor



| x | Blue Line |

| x | Return to DOL Home | DOL Homepage | | x | Return to Agency Home Page | PWBA Homepage |

| x | Return to top of document | Top of Document