U.S. DISTRICT &
BANKRUPTCY COURTS  **ORIGINAL**

03 JUN -2 PM 5:30

FILED LT.
CAMDEN CITY, Clerk

J. Kevin West
ISB #3337; jkw@hallfarley.com
Tamsen L. Leachman
ISB #5697, tll@hallfarley.com
HALL, FARLEY, OBERRECHT & BLANTON, P.A.
702 West Idaho, Suite 700
Post Office Box 1271
Boise, Idaho 83701
Telephone: (208) 395-8500
Facsimile: (208) 395-8585
W:\1\1-968.5\Strike Response V2.wpd

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>EMPLOYERS RESOURCE MANAGEMENT COMPANY, INC., a corporation; GEORGE GERSEMA, an individual; DOUGLAS GERSEMA, an individual; EMPLOYERS RESOURCE MANAGEMENT COMPANY, INC. WELFARE BENEFIT PLAN, an employee benefit plan; and AMERICAN EMPLOYER BENEFIT TRUST,<br><br>Defendants. | Case No. CIV 02-0012-S-EJL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS OF TRISH COBA, RUSSELL E. GREENBLATT, AND PORTIONS OF CHARLES B. JACKSON'S AFFIDAVIT FILED BY DEFENDANTS IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT** |

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS OF TRISH COBA, RUSSELL E. GREENBLATT, AND PORTIONS OF CHARLES B. JACKSON'S AFFIDAVIT FILED BY DEFENDANTS IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT - 1

COME NOW the defendants, Employers Resource Management Company, Inc., George

Gersema, Douglas Gersema, Employers Resource Management Company, Inc. Welfare Benefit Plan, and

American Employer Benefit Trust, by and through their counsel of record, Hall, Farley, Oberrecht &

Blanton, P.A., and hereby submit their Response to Plaintiffs' Motion to Strike Affidavits of Trish Coba,

Russell E. Greenblatt, and Portions of Charles B. Jackson's Affidavit Filed by Defendants in Opposition

to the Motion for Summary Judgment, her Memorandum in Support, and the Affidavit of Pamela McKee

in support, collectively filed on May 8, 2003 (Docket Nos. 121, 122, and 123). For the reasons stated

below, this Court should deny plaintiff's Motion.

## DISCUSSION

### A.    Trish Coba

Plaintiff effectively contends that the Affidavit of Trish Coba should be stricken on at least one of

four grounds: (1) defendants' failure to disclose Ms. Coba, either through initial disclosures or other

discovery; (2) failure to disclose Ms. Coba as a fact witness; (3) plaintiff's lack of opportunity to depose

Trish Coba; and (4) lack of personal knowledge in Trish Coba's affidavit. However, none of plaintiff's

arguments have merit, and Trish Coba's Affidavit should stand as submitted.

#### 1.    Trish Coba is not an expert witness.

Trish Coba is not an expert witness; rather, she is a fact witness, having worked as a representative

of Marsh Advantage of America, in her capacity as a Consultant for ERM, a client of Marsh. Affidavit of

Trish Coba ("Coba Aff."), filed April 21, 2003 (Docket No. 102), at ¶¶ 2-6. In fact, Trish Coba served

as a Consultant to ERM even prior to the initiation of this litigation, having started in that capacity on April

1, 2001. *Id.* at ¶6. Accordingly, her knowledge of this case is based on personal knowledge, and has not

been presented as an expert opinion. *Id.* at ¶12. Trish Coba is not disclosed as an expert witness, because she has not, nor will she, present expert opinions in the present matter. Thus, all arguments related to defendants' failure to disclose her as an expert are moot.

  2. ERM has complied with its disclosure requirements.

  Contrary to plaintiff's assertions, Trish Coba has been disclosed previously, both by the plaintiff and, by reference in their own initial disclosures, by the defendants. *See* Leachman Aff., Exhibits A & B. In plaintiff's initial disclosures, the plaintiff identified: "Representative of Marsh Advantage America, address and telephone number known to Defendants. This firm provided consultative services for Plan operations and funding." Leachman Aff., Exhibit A, pg. 2 at 1(f). This identification is incorporated into defendants' initial disclosures, by noting: "Defendants reserve the right to use other individuals that may be identified by any other party in this matter." *Id.*, Exhibit B, pg. 2. Plaintiff does not dispute that Ms. Coba is precisely such an individual that plaintiff has already identified. Accordingly, Ms. Coba was adequately disclosed in defendants' supplemental disclosures.

  To the extent the Court finds that Ms. Coba should have been disclosed through supplementation, the facts do not support this requirement. Indeed, FRCP 26(e)(1) requires that: "A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect <u>and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.</u>" F.R.C.P. 26(e)(1) (emphasis added). DOL subpoenaed Marsh's records on or about July 10, 2001; accordingly, to the extent that DOL may argue that its own disclosure was incomplete and ERM had some abstract duty to supplement DOL's own initial disclosures, DOL had an early opportunity to further

identify a specific representative, even prior to the outset of this litigation. Leachman Aff., Exhibit C, at Bates DOL08316-320.

Finally, plaintiff cannot complain that Ms. Coba was not identified in written discovery responses, as the plaintiff never made any request that would require the identification of Ms. Coba. Leachman Aff., Exhibit D. A review of plaintiff's interrogatories shows that no information was requested that would have required defendants to identify Ms. Coba in response to such interrogatories. As such, plaintiff has no grounds to claim that she was 'surprised' by Ms. Coba's affidavit.[1]

3.     Plaintiff cannot claim a lack of opportunity to depose Ms. Coba.

Plaintiff intimates in her argument that she has been surprised by Ms. Coba's affidavit, and has been harmed by her inability to depose Ms. Coba. Plaintiff's Memo at 3. However, this assertion is disingenuous at best, as documents produced by plaintiff herself not only indicates a specific awareness as to Trish Coba's involvment in the matter prior to litigation, but that DOL even interacted with Ms. Coba on prior occasions. Leachman Aff., Exhibit E.

For example, DOL, in discovery responses, produced the Consulting Services letter issued to ERM by Marsh, and signed by none other than Trish Coba. *Id.*, at Bates DOL12534-537. Further, notes taken by Judy Owen indicate that during her initial contact with Marsh, she was referred to Trish Coba, who was to respond directly to Judy Owen. *Id.*, at Bates DOL03461. Further, additional notes indicate that

---

[1] Further, plaintiff has failed to cite any binding Ninth Circuit case law permitting the striking of a fact witness' affidavit in summary judgment proceedings where the witness was untimely disclosed or discovered. Plaintiff's citation to the Southern District of Ohio's decision in Black, 124 F. Supp. 2d 550, is unhelpful, as the affidavit in that matter was primarily stricken for containing "abundant hearsay and inadmissible evidence." 124 F. Supp. 2d at 561. Further, the court in that matter made no discussion as to whether the identity of such fact witness was properly requested, or the effect of an initial disclosure identifying such individual made by the party then seeking to strike said affidavit.

teleconferences were scheduled at the direction of DOL, which were to include the participation of Ms. Coba. *Id.*, at Bates DOL03428. It is clear, from DOL's own records, that it had specific, identifying knowledge as to Ms. Coba's existence and role in consulting with ERM, and cannot now claim a "sneak attack" through Ms. Coba's affidavit.

The only shortcoming to be complained of is DOL's own failure to timely depose Ms. Coba, despite pre-litigation knowledge of her. Defendants are not necessarily opposed to a belated deposition of Ms. Coba, if so instructed by the Court. However, defendants question the need for such deposition, as DOL has communicated directly with Ms. Coba in the past, and presumably is still in a position to do so. Accordingly, a deposition would appear to be unnecessary, and DOL has other options available to it to obtain an understanding of the scope of Ms. Coba's knowledge.

4.     <u>Ms. Coba's opinions are proper opinion testimony based on personal knowledge</u>

Plaintiff also contends that certain portions of Ms. Coba's affidavit do not comply with F.R.C.P. 56(e), in that such sections are not based upon personal knowledge and/or constitute improper opinion testimony. Plaintiff's Memorandum at 4. However, plaintiff overlooks Federal Rule of Evidence 701[2], which permit Ms. Coba to offer her lay opinion as to those areas not constituting expert testimony under Rule 702. Plaintiff does not contend those sections of Ms. Coba's affidavit constitute *expert* opinions, but rather simply "constitute opinion testimony" - precisely the kind that is permitted pursuant to F.R.E. 701. Further, Ms. Coba's opinions are squarely based on facts in the record (Ms. Coba's personal knowledge),

_____

[2] "If a witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." F.R.E. 701.

as outlined in her affidavit. Coba Aff., at ¶¶ 7-11. These opinions are not "loaded with 'rampant speculation,'" as disapproved of by the courts, but are instead firmly grounded in Ms. Coba's experiences as ERM's Consultant prior to the litigation. *See, e.g.,* Gray v. Shell Oil, 469 F.2d 742, 750 (9th Cir. 1972); *see also* Teen-Ed, Inc. v. Kimball Intern., Inc., 620 F.2d 399, 404 (3d Cir. 1980) (allowing lay opinion testimony by accountant based on data or facts perceived by the accountant in that capacity).

With respect to plaintiff's specific objections, there is no basis for them. Indeed, in Paragraph 8 of Ms. Coba's affidavit, her statements regarding ERM's efforts are not based on speculation, but instead are based upon Ms. Coba's personal knowledge, having worked with ERM extensively in her capacity as a Consultant with Marsh.[3] In this capacity, Ms. Coba was witness to the efforts made by ERM to the management of the Plan, and is thereby entitled to offer her lay opinion as to the extent of these efforts. In Paragraph 10, Ms. Coba's statement that "the Company has tried to ensure that it sets its rates fairly and at levels that will best reflect anticipated claims levels" is a lay opinion reflecting her observations, as a Marsh Consultant to ERM, as to ERM's evaluation of age/gender and geographic ratings in setting contribution rates, as explained in that paragraph. Ms. Coba's discussion of the possible outcomes of suggested changes in ERM's contribution plan, as discussed in Paragraph 11, is not, as plaintiff suggests, improper testimony, but is reliable lay opinion based on Ms. Coba's intimate personal knowledge of ERM's contribution plan, the efforts ERM has made in evaluating the proper contribution format, and the analysis

---

[3] Specifically, Ms. Coba noted that: "Employers Resource attempts to research options and keep abreast of ideas and developments being utilized in the PEO and similar industries. Employers Resource seeks out and carefully considers the advice of experts in various fields, evaluates options based on a variety of considerations, including, for example, the impact on client base, administrative considerations, actual benefits realized by participants and costs. Employers Resource tries to make careful, conservative, reasoned decisions as to how the Plan is managed, keeping in mind the purpose of the Plan and the needs and desires of current and future participants." Coba Aff., ¶ 8.

made by ERM in setting its contribution rates. This information, and the derived lay opinions, obviously

derive from Ms. Coba's relationship with ERM as their Consultant, and clearly constitute personal

knowledge, as required by I.R.C.P. 56(e), and proper lay opinion testimony, as per Idaho Rule of

Evidence 701.

## B.   Russell Greenblatt

Plaintiff asserts that the affidavit of Russell Greenblatt is inadmissible under Fed. Rule Evid. 702 as

consisting of conclusion of law rather than opinions as to issues of fact. Plaintiff has failed to properly

understand or characterize that testimony. Mr. Greenblatt rendered his expert opinion as to the application

of the facts of the instant matter to the appropriate industry standards under the applicable statutes and

regulations.   This expert testimony meets the essential element required by Fed. Rule Evid. 702, namely

that the testimony given will assist the trier of fact to understand the evidence or to determine an issue.

Crom Corp. v Crom, 677 F.2d 48 (9th Cir. 1982).

In circumstances where the subject of the dispute is the application of complex regulatory and/or

legal standards to a specific factual background, the opinions of experts as to the meaning or application

of legal standards as appropriate. U.S. v Clardy, 612 F.2d 1139 (9th Cir. 1980) (allowing the testimony

of an internal revenue service agent's opinion as to the interpretation of IRS regulations); Crom Corp. v

Crom, 677 F.2d at 50 (trial court's decision to allow patent law expert to testify about the interpretation

of application of relevant statutes in a patent law claim was appropriate); Lemelson v. General Mills,

Inc., 1987 W.L. 26134 (N.D. Ill. 1987) (application of specialized knowledge of confusing patent law to

the facts of a patent claim was appropriate). Mr. Greenblatt's affidavit testimony is meets this standard.

As plaintiff admits, Mr. Greenblatt is an expert specializing in the complicated area of employee welfare

benefit plans. Plaintiff's Memorandum at 6. Mr. Greenblatt's testimony addresses the application of the

facts in this matter to the industry standard and the applicable statutes and regulations. See, e.g., Affidavit

of Russell E. Greenblatt (Docket No. 104), Exh. A at 5. Such opinions do, necessarily, involve a mixed

question of fact and law, as industry standards and practices are inexorably intertwined with the facts

surrounding a particular business and the laws and regulations under which it operates. However, testimony

involving such mixed questions of fact and law may be permitted where they will be of assistance to the trier

of fact in understanding the evidence and determining the facts in issue. Lemelson v. General Mills, Inc.,

1987 W.L. 26134 (N.D. Ill. 1987).[4] Opinion testimony is not objectionable because it braces an ultimate

issue to be decided by the trier of fact. Fed. Rule Evid. 704. Such is certainly the case here, where the

Court – not a jury – is the trier of fact obviating any concern laypersons might be confused by opinions

regarding the application of law to a specific question.

　　　Plaintiff is correct in asserting expert testimony to be inappropriate as regards legal opinions with

which a trial judge is intimately familiar. See, e.g., Aguilar v. International Longshoremen's Union, Local

No. 10, 966 F.2d 443 (9th Cir. 1992). Plaintiff seems to be of the opinion that Mr. Greenblatt's testimony

---

[4] Plaintiff has also apparently created a reflexive argument which would also strike the reports generated by her own expert, Dorothy Cociu. Ms. Cociu's initial report is replete with references to prudent actions and fiduciary status. See Motion for Summary Judgment, filed January 31, 2003 (Docket No. 58), Exhibit 35, pp. 2, 10, 18, 23, and 24. Equally is true of Ms. Cociu's Second Declaration, submitted in support of plaintiff's Reply. See Declaration of Dorothy Cociu, in Support of Plaintiff's Motion for Summary Judgment, filed May 8, 2003 (Docket No. 120), Exhibit A, pp. 2, 3, 5, and 6. In effect, then, were this Court to find plaintiff's arguments as to Mr. Greenblatt's affidavit correct, plaintiff has written a "scorched earth" motion, that would also require the striking of both declarations by Dororthy Cociu (Docket No. 58 [Exhibit 35] & Docket No. 120). Accordingly, if the Court deems fit to strike the affidavit of Mr. Greenblatt, this Court should undertake to strike both declarations of Ms. Cociu.

does address such matters.  It has further failed to properly frame the question of admissibility under F.R.E., Rule 702.

## C.   **Charles Jackson**

Plaintiff also raises the curious argument that portions of Charles Jackson's Affidavit should be stricken on the grounds that his expert's CV does not indicate that he is an expert in PEOs. However, Mr. Jackson is not offered as an expert on PEOs, but rather as an expert on employee benefits management. Affidavit of Charles B. Jackson, CPA, CEBS ("Jackson Aff."), filed April 21, 2003 (Docket No. 103), at ¶¶ 2-3. Mr. Jackson was examined by DOL on PEO questions during his deposition, opening the door to Mr. Jackson's opinions on the subject.[5] DOL even asked for Mr. Jackson's opinion as to ERM's status as a MEWA or a single-employer, further opening the door to Mr. Jackson's later affidavit testimony as to ERM's status.[6] To the extent that DOL failed to follow-up during the deposition of Mr. Jackson, in determining the basis for such opinions, such failure to inquire is the failing of DOL, not Mr. Jackson's testimony or his CV.[7] DOL was afforded the opportunity to conduct follow-up questioning at Mr.

---

[5] Attached, as Exhibit F to Ms. Leachman's Affidavit, is a full copy of Mr. Jackson's deposition, for the Court's review. Testimony regarding PEOs may specifically be found on pages 15, 16, 70, 71, 77, and 139.

[6] Leachman Aff., Exhibit F, at 69:25-70:3.

[7] The present argument by the plaintiff is much like the failed argument in another federal matter: "LaBour objects to Yun's deposition testimony on the ground that there are insufficient foundational facts regarding Yun's qualifications and as to the scientific methods used to reach his conclusions . . . . ASI has attached to its moving papers those portions of Yun's deposition upon which it relies. Those excerpts set forth Yun's qualifications as well as his opinions. Under Fed.R.Evid. 705, an expert may testify in terms of opinion without first testifying to the underlying facts or data. He may then be required to disclose the underlying facts or data on cross-examination. Counsel for LaBour had the opportunity to cross-examine Yun on both his qualifications and the methods used to reach his opinion, but chose not to provide the court with any portions of the deposition which would call into question either the witness' qualifications or the bases of his opinions." American States Ins. Co. v. Sacramento Plating, Inc., 861 F. Supp. 964, FN5

Jackson's deposition, but failed to do so. Similarly, Mr. Jackson's testimony as to PEOs is simply for the purposes of background as to his ultimate opinion that ERM is a single-employer plan, and not a MEWA.[8]

Further, DOL's use of Mr. Jackson's CV as a limiting device is an untenable argument.[9] Mr. Jackson's deposition testimony is more than sufficient to demonstrate an expertise in the areas of MEWAs and PEOs, not that Mr. Jackson was merely limited to expertise identified in his CV.[10] Further, plaintiff's argument fails for two additional reasons: first, at the time Mr. Jackson's CV was prepared, it was not anticipated that the DOL would relentless litigate an irrelevant point to the present litigation. That is, the necessity of litigating a point, ancillary at best, regarding ERM's status as a MEWA or a PEO was not made clear until DOL's very belated effort to 'shoehorn' the irrelevant issue into its Motion for Summary Judgment.[11] Second, plaintiff simply ignores the fact that a PEO is a business structure, and not in and of itself a health plan; Mr. Jackson's identification of employee benefit management expertise (the primary

---

(E.D. Cal. 1994). Equally is true in the present matter - to the extent Mr. Jackson established his qualifications and offered his opinions in supplement to his CV and his expert report, counsel for DOL simply failed to make any attempt to call into question Mr. Jackson's qualifications and/or opinions. Plaintiff cannot point to any challenge made to Mr. Jackson's qualifications and/or opinions at deposition, and cannot now seek recourse by moving to strike Mr. Jackson's affidavit.

[8] *See* Footnote 6 and related text, *supra.*

[9] Of course, as pursuant to Local Rule 26.2(b), "the scope of subsequent testimony by an expert witness must be limited to those subject areas identified in the disclosure report or through other discovery such as deposition."

[10] *See* Footnotes 5-6 and related text, *supra.* Note, additionally, that Mr. Jackson explained his reasoning in some detail as to why he didn't structure his opinions in a MEWA context. Leachman Aff., Exhibit F, at 138:17-140:18.

[11] Defendants maintain the only plausible explanation for litigating this point is to assist the Idaho Department of Insurance by securing a federal court ruling identifying ERM as a MEWA, to provide estoppel posturing in the state-level action against ERM.

purpose for his retention as an expert) would not necessarily include further identification of expertise in business models.

For these reasons, Mr. Jackson's affidavit, in its entirety, should remain before the Court.

## CONCLUSION

For the reasons stated above, plaintiff's Motion to Strike the Affidavits of Trish Coba, Russell Greenblatt, and Portions of the Affidavit of Charles Jackson, should be denied.

DATED this 2nd day of June, 2003.

HALL, FARLEY, OBERRECHT
& BLANTON, P.A.

By _____
Tamsen L. Leachman - Of the Firm
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __2nd__ day of June, 2003, I caused to be served a true copy of the foregoing DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AFFIDAVITS OF TRISH COBA, RUSSELL E. GREENBLATT, AND PORTIONS OF CHARLES B. JACKSON'S AFFIDAVIT FILED BY DEFENDANTS IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT, by the method indicated below, and addressed to each of the following:

Susanne Lewald, Acting Regional Solicitor
Theresa S. Gee, Regional Counsel
Pamela W. McKee, Attorney
Office of the Solicitor
United States Department of Labor
World Trade Center
350 S. Figueroa Street, Ste. 370
Los Angeles, CA 90071-1202
Fax No. (213) 894-2064

_____ U.S. Mail, Postage Prepaid
_____ Hand Delivered
__✓__ Overnight Mail 6/3
__✓__ Telecopy 6/2

Tamsen L. Leachman