IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, ) ) ) | |
| Plaintiff, ) | Case No. CV02-012-S-EJL |
| vs. ) ) | MEMORANDUM ORDER |
| EMPLOYERS RESOURCE MANAGEMENT COMPANY, INC., et a.l., ) ) ) | |
| Defendants. ) ) | |

On June 15, 2005, United States Magistrate Judge Mikel H. Williams issued a Report and Recommendation, recommending that Defendants' Motion to Enforce Settlement Agreement be granted and that Plaintiff's Cross-Motion to Enforce Settlement Agreement be denied. Plaintiff, Elaine L Chao, Secretary of Labor (the "Secretary"), filed an objection to the magistrate judge's Report and Recommendation. The Court must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. Id.; see also Fed. R. Civ. P. 72(b).

The Secretary contends that the magistrate judge erred in concluding that (1) the Secretary did not have a statutorily mandated duty to assess a civil penalty imposed by ERISA § 502*(l)*, 29 U.S.C. § 1132(*l*), and (2) if the Secretary had a statutorily mandated duty to assess the penalty, she waived that duty. Specifically, the Secretary maintains that the statute and regulations promulgated thereunder required her to assess the penalty against Defendants after the parties reached a settlement agreement.

At the outset, the Court observes that the Secretary has incorrectly characterized the conclusions contained in the magistrate judge's report. As Defendants note in their response to the Secretary's objections, Magistrate Judge Williams concluded that the Secretary "essentially abdicated her right to assess a civil penalty . . . [b]y not proving Defendants breached their fiduciary

duty or procuring an admission that they breached their fiduciary duty as a part of the settlement agreement." (Report and Recommendation at 10). Rather than finding a waiver of the right to assess the penalty, the magistrate judge correctly found that the Secretary must first establish a breach of fiduciary duty in order to trigger the statutory requirement to assess a penalty against ERISA violators. (Id. at 8, 10).

ERISA § 502(*l*)(1), 29 U.S.C. § 1132(*l*)(1), civil penalties on violations by fiduciaries, provides, in pertinent part:

> In the case of:
>
> (A) any breach of fiduciary responsibility under (or other violation of) part 4 of this subtitle by a fiduciary, or
>
> (B) any knowing participation in such a breach or violation by any other person,
>
> the Secretary shall assess a civil penalty against such fiduciary or other person in an amount equal to 20 percent of the applicable recovery amount.

The Secretary may accurately characterize the civil penalty assessment as mandatory, but the duty to assess the penalty is triggered only when one of the above-described events occurs, namely the breach of a fiduciary responsibility or a knowing participation in such a breach. Rodrigues v. Herman, 121 F. 3d 1352, 1355-56 (9th Cir. 1997). Thus, the breach of a fiduciary responsibility is a prerequisite to the Secretary's duty to assess a civil penalty; without such a breach, the Secretary's duty never arises. Id.; see also Citywide Bank of Denver v. Herman, 978 F. Supp. 966, 971-72 (D. Colo. 1997). (relying on Rodrigues to conclude that question of whether defendant breached a fiduciary duty is a threshold issue that must be answered first in determining the authority of Secretary to impose a civil penalty under a settlement agreement). Because the Secretary chose to settle this case without proving or obtaining an admission that Defendants breached a fiduciary duty[1], the magistrate judge properly recommended that the Secretary's cross-motion to enforce the settlement agreement with a penalty provision be denied and Defendants'

---

[1] That this matter was specifically considered and a choice was made regarding its exclusion from the settlement terms is demonstrated by its inclusion in a draft and its absence from the final settlement agreement. (Report and Recommendation at 10).

MEMORANDUM ORDER - Page 2
05ORDERS\employers_rnr

motion to enforce the settlement agreement without the provision reserving the Secretary's right to assess a civil penalty be granted.

## ORDER

Having conducted a de novo review of the objected to portions of the Report and Recommendation, this Court finds that Judge Williams' Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record.  Acting on the recommendation of Judge Williams, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on June 16, 2005 (docket no. 185), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion to Enforce Settlement Agreement (docket no. 176) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Enforce Settlement Agreement (docket no. 173) is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties shall file the appropriate settlement documents and proposed judgment within twenty-one days of the date of this Order.

DATED:  **August 3, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge