IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br><br>                Plaintiff,<br><br>v.<br><br>EMPLOYERS RESOURCE MANAGEMENT COMPANY, INC., a corporation; GEORGE GERSEMA, an individual; DOUGLAS GERSEMA, an an individual; EMPLOYERS RESOURCE MANAGEMENT COMPANY, INC. WELFARE BENEFIT PLAN, an employee benefit plan; and AMERICAN EMPLOYER BENEFIT TRUST,<br><br>                Defendants. | CASE NO. CV 02-12-S-EJL<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

On January 14, 2002, the Plaintiff Elaine Chao, Secretary of Labor ("the Secretary"), filed an action on behalf of the United States Department of Labor ("the Department) against Defendant Employer Resource Management Company, Inc. ("ERM"), an Idaho corporation, and several others, including individual Defendants George Gersema and Douglas Gersema (collectively known as "Defendants"). In the underlying action, the Secretary alleged Defendants violated various provisions of the Employee Retirement Income Security Act of

**Report and Recommendation - Page 1**

1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and sought several remedies including disgorgement of profits and a permanent injunction.

Currently pending before the Court for its consideration is the Secretary's Motion for an Order Prohibiting Defendants from Altering Settlement Agreement Or, in the Alternative, Finding There Was No Meeting of the Minds (Docket No. 194), filed on September 12, 2005. As the title of her Motion indicates, the Secretary seeks two alternative forms of relief for what the Secretary views as Defendants' alteration of material terms in their November 2004 handwritten settlement agreement. At the outset, the Secretary urges the Court to compel Defendants to abide by the terms of the handwritten settlement agreement. In the alternative, the Secretary asks the Court to find no true "meeting of the minds" occurred sufficient to support a settlement agreement. Defendants characterize the Secretary's Motion as an attempt to dismantle the entire settlement agreement in order to return to litigation and now pursue an administrative penalty after her previous failure to include a provision for an administrative penalty that was not a part of the original handwritten agreement.

On January 31, 2006, the Court conducted a hearing on all pending motions.[1] Based on this Court's previous finding in its Report and Recommendation dated June 16, 2005 (Docket No. 185) and adopted by the District Court in its Order dated August 3, 2005 (Docket No. 190) that the handwritten document memorializing the November 2004 mediation constituted a binding settlement agreement, the Court recommends that the Secretary's Motion be denied to the extent she seeks a finding that no meeting of the minds occurred at the November 2004

---

[1] At the hearing, the Court ruled on the Secretary's motion and instructed the parties to retire in a conference room after the hearing in order to draft a satisfactory Consent Order/Judgment in accordance with this Court's instructions. This Order simply memorializes the Court's ruling at the hearing.

**Report and Recommendation - Page 2**

mediation. Conversely, the Court recommends that the Secretary's Motion be granted inasmuch as the Secretary seeks an order prohibiting Defendants from <u>materially</u> altering the settlement agreement.

## **REPORT**

### I.
### Background

This is the second motion relating to the enforcement of the handwritten settlement agreement**,** which the parties drafted after participating in a November 2004 private mediation. In considering the first Motion to Enforce Settlement Agreement, filed by Defendants, this Court addressed the issue whether a provision reserving the Secretary's right to seek civil penalties constituted an additional term not included in the original agreement or whether the provision was not an additional material term, but merely a statement of the law. As the parties are aware, the Court found in its Report and Recommendation that the parties had entered into a binding contract at the conclusion of the November 2004 mediation. The Court further found the provision reserving the Secretary's right to seek civil penalties amounted to an additional material term not included in the original handwritten agreement. This Court recommended to the District Court that the November 2004 be enforced without the contested provision.

On August 3, 2005, the United States District Judge Edward J. Lodge entered a Memorandum Order adopting this Court's June 16, 2005 Report and Recommendation in its entirety and granting Defendants' Motion to Enforce Settlement Agreement. In the Memorandum Order, Judge Lodge found a settlement agreement existed and directed the parties to file the appropriate settlement documents and proposed judgment within twenty-one days.

**Report and Recommendation - Page 3**

In an effort to comply with the Memorandum Order, the Secretary forwarded to Defendants a similar version of the original draft consent judgment without reference to the civil penalty on August 17, 2005. Unsatisfied with the Secretary's draft, Defendants returned the judgment with twelve proposed changes to the language within the draft consent judgment. The Secretary promptly responded to Defendants' alterations, accepting four of the twelve, but objecting to the remaining eight proposed changes on the basis that they fundamentally altered the settlement agreement. Additional correspondence between the parties did not resolve these issues and the parties stipulated to an extension of time. The Court approved the parties' stipulation and extended the deadline for filing the settlement documents until September 15, 2005. After several weeks of haggling over the inclusion of various terms and provisions, the parties were unable to draft a final agreement satisfactory to be both sides. Because of the parties' inability to resolve these issues, the appropriate settlement documents and proposed judgment were never filed with the Court. Instead, the Secretary filed the present motion.

In the present motion, the Secretary contends Defendants proposed language in the consent order/judgment that were fundamentally different than what was included in the handwritten agreement. Among the eight revisions the Secretary rejected was Defendants' attempt to replace the word "pay" with "fund" to denote how money is placed in the Trust. Defendants used "fund" to denote their intention to loan money to the Trust in satisfaction of the settlement, while the Secretary had changed "contribute" to "pay" in the final draft to clarify her understanding that Defendants would make payments to the Trust rather than simply loaning it money. Defendants also sought to insert a denial of liability paragraph for the first time, to which the Secretary also objected. Defendants claim the changes are not material and chides the

**Report and Recommendation - Page 4**

Secretary for allegedly dismissing the proposed changes "out of hand."  (Defendants' Response, p. 3).

## II.
## Discussion

### A. Defendants' Request for Use of "Fund" Language

The handwritten document the parties drafted in the November 2004 states "ERM will contribute $288,000 into the Trust."[2]  Later in the document under the Section referencing the IBNR Reserve, the handwritten document states "ERM will make monthly payments" to the Trust.  When drafting the consent judgment, the Secretary changed the language from "contribute" to "pay," which Defendants changed to "fund" when making their own revisions of the final consent judgment.

The deceptively simple solution to the parties' dispute is to direct them to use "contribute" as it reads in the original handwritten memorandum, but this would not resolve the underlying dispute–whether Defendants should pay the requisite amount into the Trust or whether the Defendants may simply loan the Trust the requisite amounts.  Defendants argue its request to use "fund" is permissible because the material term is the 'end' of having requisite amount in the Trust. (Defendants' Response, p. 5).  The Secretary disputes Defendants' argument that it is immaterial in what form the money gets into the Trust as long as the money is available.  The Secretary maintains if she had intended ERM to simply "loan" the money, the

---

[2] At the hearing, Defendants informed counsel for the Secretary that Stop-Loss insurance had been obtained; thus, mooting the need to include in the consent judgment those provisions in the original handwritten document that referenced the "Stop-Loss" account.  It is the Court's understanding that after the hearing, the parties were able to alter the language of the settlement papers to reflect the Secretary's apparent satisfaction with the terms of the insurance policy.

**Report and Recommendation - Page 5**

parties would have used this term and would have discussed how and when repayments would be made.

The Court agrees with the Secretary. If the parties intended that the money would simply be loaned to the Trust, they would have discussed such issues as a repayment plan or whether the loans would be interest free. The parties did not discuss this at the mediation because neither side contemplated that the money would simply be loaned to the Trust. Accordingly, the parties must use a term in the consent judgment that reflects an understanding the money should be paid into the Trust and not loaned.

### B. Paragraph Denying Liability

Defendants seek to insert a paragraph stating: "This agreement represents the compromise of disputed claims, and Defendants deny all allegations made by the Secretary and intend merely to avoid further litigation and have their peace." (Chasek Decl., Ex. 2, ¶ 1). The Secretary objects to the inclusion of such a paragraph on the basis that neither side raised the issue of Defendants admitting or denying liability during mediation. The Secretary further asserts that the agency within the Department of Labor, which conducted the underlying investigation giving rise to this lawsuit, the Employee Benefit Security Administration ("EBSA"), has a policy of not agreeing to language in consent judgments or settlements wherein liability is denied by defendants. According to the Secretary, Defendants were aware of this policy as early as 2002 as it was discussed between counsel during negotiations relating to an earlier proposed consent judgment. Yet, Defendants still failed to raise the issue in the November 2004 mediation leading to the present settlement.

The Court does not find the inclusion of a paragraph denying liability would be appropriate under the circumstances of this case. Defendants seem to suggest that such a

**Report and Recommendation - Page 6**

paragraph is standard or boilerplate to any settlement agreement, but the fact that the EBSA has a policy of not agreeing to such language and Defendants were aware of that policy strongly suggests otherwise.  Defendants were aware of this policy and should have raised this issue during the mediation if they wanted to ensure the inclusion of a paragraph denying liability. Therefore, the Consent Judgment must remain silent on this issue.[3]

### C. Dismissal of All Defendants

Initially, the Secretary would only agree to language in the final consent judgment dismissing ERM Benefits Arrangement, but refused to dismiss any of the remaining defendants. However, at the hearing, the Secretary agreed to also dismiss Defendants George Gersema and Douglas Gersema.  This position is satisfactory to Defendants.  Thus, this point is moot.

### D. Language Regarding the Direct Expense Claim

Defendants also seek to include language in the consent judgment to the effect that the Secretary reviewed the direct expense protocol and confirmed it was consistent with the statute. The Secretary essentially argues the language is redundant, and, therefore, superfluous. However,  Defendants inserted this language to merely reflect the fact that the one contingency upon which the handwritten agreement was predicated had been met.  The Court does not find this language redundant because it clarifies this key point.  Nor does the paragraph materially alter the terms of the settlement agreement and should thus be included in the final Consent Order as a point of clarification.

---

[3] The Court does not intend to suggest that silence should be deemed an admission of liability.  This Court previously found in its Report and Recommendation dated June 16, 2005 that the Secretary had failed to procure any admission of liability from Defendants during the November 2004 mediation.  This decision does not alter that finding.

**Report and Recommendation - Page 7**

## **RECOMMENDATION**

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that** the Secretary's Motion for an Order Prohibiting Defendants from Altering Settlement Agreement Or, in the Alternative, Finding There Was No Meeting of the Minds (Docket No. 194), filed on September 12, 2005, be GRANTED in part and DENIED in part.



DATED: February 3, 2006

Honorable Mikel H. Williams
United States Magistrate Judge